N. H. WARREN & CO., PLAINTIFFS IN ERROR, V. JOHN BARSBY, DEFENDANT IN ERROR.

Attachment; AFFIDAVIT: PARTNERSHIP. A and B were in partnership in buying and shipping grain from Fairmont and Geneva, in Fillmore county, to the city of Chicago, the residence of A. A sent his agent to Fairmont, who, finding that B was improperly using the money furnished by A, for the purpose of carrying on the partnership business, employed an attorney, and in B's absence ordered the local banks to pay no more of B's checks until a settlement of the partnership affairs was made. B retained defendant as his attorney, to protect his interest in the settlement, and in any litigation which might follow. A basis of settlement was agreed upon subject to the approval of A, and which was to be submitted to him by B and A's agent, in Chicago. Prior to B's departure for Chicago, he received a check for $500, the property of the firm, and delivered it to defendant, his attorney, who converted it into money. There was evidence from which the district court could find that A's agent, while in Fairmont, agreed with defendant that A would pay the fees due defendant for his services, in case the settlement was

made. The settlement was approved by A, and the partnership continued. In an action by A against defendant, for the $500, an attachment was procured, upon the ground that the debt was fraudulently contracted by defendant, which attachment was, on motion of defendant, discharged, upon the ground that the proofs failed to sustain the allegations of the affidavit. *Held*, No error.

ERROR to the district court for Fillmore county.   Tried below before MORRIS, J.

*John P. Maule*, for plaintiffs in error, cited:   3 Kent Com., 42.   *Chazournes v. Edwards*, 3 Pick., 5.   Story Partnership, Secs. 131–2.   Bigelow Fraud, 146.

*J. W. Eller*, for defendant in error, argued the case upon the facts alone.

REESE, CH. J.

The principal action in this case was instituted in the district court of Fillmore county by plaintiffs in error against defendant in error, for the recovery of the sum of $500 alleged to be due plaintiffs from defendant.   The allegations of the petition were to the effect that the plaintiffs and one James Peabody constituted a partnership under the firm name of James Peabody & Company, the purpose of which was buying and shipping grain at Fairmont and Geneva, in Fillmore county; that the capital with which the business was carried on was furnished by plaintiffs; that on and prior to February 1, 1886, Peabody was using money, furnished by plaintiffs for the purpose of buying grain, in enterprises outside of the partnership business and for his own benefit.   They employed an attorney, who, in connection with their agent, who had come from Chicago, their place of business, called upon Peabody for the purpose of ascertaining the facts and effecting a settlement; that defendant, who was an attorney, was employed by

Peabody to assist him in the matter then in hand and in any litigation which might follow; that pending these negotiations Peabody received a draft or check from the firm of Richards, Bailey & Bailey, payable to James Peabody & Company, and which he endorsed and delivered to defendant, who converted the same to his own use and refused •to account to plaintiffs for the money received thereon; that at the time defendant received the check he had full knowledge of the condition of the business of James Peabody & Company, and that the money represented by the check belonged to the firm; that prior to the commencement of the suit the partnership of James Peabody & Company had been dissolved, and all of its assets belonged to plaintiffs. An affidavit for an attachment was filed, in which it was alleged that the suit for the $500 had been instituted; that that amount, with interest, was due to plaintiff from defendant for money had and received by defendant for plaintiff, and that defendant fraudulently contracted the debt. An attachment was issued, and certain money, due defendant, was garnished in the hands of his debtors. Defendant then moved to discharge the attachment, for the reason that the statement of facts set forth in the affidavit on which the attachment was issued were untrue. The motion to discharge was submitted to the district court upon a number of affidavits, when it was sustained, and the attachment discharged. Plaintiff brings the cause, so far as the attachment proceedings are concerned, to this court for review by proceedings in error.

The question of fact having been submitted to the court upon testimony more or less conflicting, it only becomes necessary to inquire whether enough is shown on the part of the defendant to sustain the decision of the district court. There was evidence which would sustain a finding of the district court that during the temporary absence of James Peabody from Fairmont, the agent of plaintiffs appeared

there and notified the local banks to pay no more of Peabody's checks until a settlement could be had; that upon Peabody's return he retained defendant as his attorney, to assist in the settlement and protect his, Peabody's, rights; that in a conversation between plaintiffs' agent and defendant, plaintiffs' agent stated that plaintiff would pay defendant his reasonable attorneys fees, and requested that they be made as reasonable as possible under the circumstances. A settlement was agreed upon, subject to the approval of plaintiffs, and plaintiffs' agent and Peabody were about starting to Chicago to submit the settlement to plaintiffs for their approval or rejection; that about this time, and before their departure for Chicago, Peabody received the check referred to, informed defendant of the fact, and requested his advice as to what use should be made of it; that defendant stated that for the present, at least, the entire business of the partnership had been suspended, whereby Peabody's revenues were cut off, and that if litigation should follow, money would be necessary for the payment of such fees and expenses as would have to be met, and suggested that the check be placed in his hands for that purpose, which was done. The plan of said settlement was approved by plaintiffs, and the partnership continued until the expiration of the term for which it was formed; that in a subsequent settlement between Peabody and defendant it was agreed that defendant was entitled to a compensation of $400. This was deducted from the amount realized from the check, the remaining $100 being left in defendant's hands, but which was afterwards appropriated in payment of other claims against Peabody.

The question as to whether or not plaintiff could recover in the principal action on these facts is not before us. The only question presented by the record is, whether upon a finding by the district court of the facts above stated, its decision, that defendant had not fraudulently contracted the debt, should be reversed.

While it is not quite clear to our minds as to what the decision of the district court might have been, or perhaps should have been, we do not feel that we would be justified in reversing the decision made. Plaintiffs in their affidavits aver that their agent, by whom the agreement or promise of payment of fees was alleged to have been made, had no authority to make such agreement. This is also stated in the affidavit of the agent, and in which he also denies having made the agreement sworn to by defendant.

As we have said, there was sufficient to sustain the finding of the court, that the agreement or promise was made. If that was true the question of the authority of the agent to make it would become immaterial, so far as this inquiry is concerned, unless it was shown that defendant knew of the want of such authority, for if he relied upon it, it could not be said that he fraudulently contracted the debt, even though the agent might have had no authority to make the promise.

Error not appearing affirmatively upon the face of the record, the decision of the district court upon the motion to discharge the attachment is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.